IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARDAMIS DARRELL SIMS (#2014-1221052), ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> RONALD J. OLSZEWSKI, DANIEL R. ) </br> FREEMAN, PATRICK L. ASHE, JANET J. ) </br> COMISKEY, J. A. PALMSONE, JOHN M. ) </br> VILLA, NICOLE C. CLARK, MICHAEL J. ) </br> MARTIN, RONALD MARTIN, VICTOR G. ) </br> PAZMINO, JAMES P. PITLIK, and VICTOR A. ) </br> EL, ) </br> Defendants. ) | Case No. 17 CV 0079 </br></br> Honorable Ruben Castillo </br></br> Jury Demanded |

**SECOND AMENDED COMPLAINT**

Plaintiff Ardamis Darrell Sims, by his undersigned counsel, for his second amended complaint against defendants Ronald J. Olszewski, Daniel R. Freeman, Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, John M. Villa, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El, alleges the following:

1. This is an action for damages arising out of defendants' violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by their failure to care for plaintiff's well-being, while transporting plaintiff to and from his pretrial detention at Cook County Jail, and while he was in the custody of the Chicago Police Department.

**Jurisdiction and Venue**

2. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

1

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims took place in this District.

### Parties

4. At all times relevant hereto, plaintiff Ardamis Darrell Sims was a pretrial detainee at Cook County Jail ("the Jail") in Chicago, Illinois, in the custody of the Cook County Department of Corrections ("CCDOC").

5. Defendants Daniel R. Freeman and John M. Villa are the police officers employed by the Chicago Police Department who transported plaintiff from the Jail to a police station on January 6, 2015, and returned him to the Jail on January 7, 2015. On information and belief, Daniel R. Freeman and John M. Villa are the detectives who were assigned to the Police Department's Eighth District (Chicago Lawn), located at 3420 West 63rd Street in Chicago.

6. Defendants Ronald Olszewski, Janet J. Comiskey, Patrick L. Ashe, J.A. Palmsone, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El are employees of the Chicago Police Department responsible for providing suitable conditions in the jail cell where plaintiff was incarcerated on January 6 and 7, 2015.

### Facts

7. At all relevant times, and for more than two years, plaintiff has been a pretrial detainee at Cook County Jail.

8. On or about January 6, 2015 at about 8:00 a.m., while plaintiff was housed at the Jail, plaintiff was out of his cell to take shower. He washed his underwear and socks (including his long underwear top and bottom pieces). Those items were his only articles of underwear. Plaintiff hung up his underwear to air-dry, since there was no other means of drying his clothes. It takes many

hours for underwear to air-dry. In the meantime, plaintiff wore the shirt and pants (his uniform) which were provided to him, along with his shower shoes.

9. Shortly thereafter, a correctional officer informed plaintiff that he would have to leave the Jail for a court appearance. Plaintiff told the officer that his court date was not until January 16, and that there was a mistake.

10. The officer left and returned, telling plaintiff that he had to go as directed. Plaintiff informed the officer his underwear was wet, and that the weather that day was very cold, having fallen below zero degrees Fahrenheit.

11. When plaintiff continued to question being taken out of the Jail under those circumstances, he was sprayed with mace by an officer. Due to the mace, plaintiff was unable to see, and his eyes burned. Plaintiff was put in handcuffs and taken to a holding cell.

12. After plaintiff said that he could not go outside due to the cold, due to his underwear being wet and due to inadequate clothing, defendants Daniel R. Freeman and John M. Villa made plaintiff go outside and made him walk to a police vehicle, wearing socks (which quickly became wet), open shower shoes and a small dirty jacket which was too small, and had a zipper that did not work, leaving the jacket open and much of plaintiff's upper body unprotected. Plaintiff had no hat, scarf, gloves, boots or closed shoes, or other clothing or protection from the cold.

13. Defendants Daniel R. Freeman and John M. Villa walked plaintiff, in below-zero weather, through slushy ice water in open shower shoes and socks to a police sedan, which was located in a parking lot about 200 feet from the exit of the Jail. Plaintiff's feet and socks got wet due to having to walk through the slush with open shower shoes.

14. Defendants Daniel R. Freeman and John M. Villa were wearing winter coats, warm

3

hats and boots, in addition to their regular clothing.

15. At the time it was extremely cold, having fallen below zero degrees Fahrenheit.

16. Defendants Daniel R. Freeman and John M. Villa told plaintiff not to worry and that he will thaw out when he got to the police station.

17. Plaintiff was placed in the back seat of a police sedan. During the trip from the Jail to the police station at 3420 West 63rd Street, the officers refused to turn the heat on until just before the vehicle arrived at the destination, despite plaintiff's crying from the frigid conditions – made worse by his lack of underwear and sufficient outerwear – and his pleading for them to turn the heat on. Plaintiff was extremely cold. He told the officers he was losing feeling in his feet.

18. When they arrived at the police station, plaintiff's feet were still wet from the slush he had had to walk through to get to the car in the Jail parking lot.

19. Plaintiff was made to spend the rest of day and the night in a cold cell at the police station, with cold air blowing on him. No additional clothing and no blankets were provided. When plaintiff complained during each shift, he was told that he would not be there long. Defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El were responsible for providing suitable conditions and failed to provide heat and suitable clothing for plaintiff.

20. Although defendants Daniel R. Freeman and John M. Villa had told plaintiff that he had been taken from the Jail to participate in a line-up, none took place in which plaintiff participated.

21. On the morning of January 7, 2015, defendants Daniel R. Freeman and John M. Villa transported plaintiff back to Cook County Jail in the same or a similar vehicle. Plaintiff told them

4

that he had been cold all night. Plaintiff wore the same clothing as he had the preceding day.

22. Defendants Daniel R. Freeman and John M. Villa made plaintiff walk outdoors and into the Jail, without suitable clothing, despite the weather being nearly as cold as the day before.

23. While Daniel R. Freeman and John M. Villa transported plaintiff, the officers discussed how the holding cell at the police station in which plaintiff had been held overnight was much cozier than the police car.

24. Defendants Daniel R. Freeman and John M. Villa (or one of them) said that, if they (or he) had remembered plaintiff after they (or he) had eaten hot soup at home, they (or he) would have stopped and picked up some ice-cream for the plaintiff to cheer him up.

25. Defendants Daniel R. Freeman and John M. Villa made intentional decisions with respect to unnecessarily exposing plaintiff to cold in a manner causing plaintiff to suffer pain and extreme discomfort, and put plaintiff at substantial risk of suffering serious harm.

26. The manner of defendants Daniel R. Freeman and John M. Villa's treatment of plaintiff was deliberate and reckless.

27. Defendants Daniel R. Freeman and John M. Villa's treatment of plaintiff caused injury to plaintiff.

28. Defendants Daniel R. Freeman and John M. Villa did not take objectively reasonable available measures to abate the risk of harm to plaintiff, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendants' conduct obvious.

29. By not taking such measures, defendants Daniel R. Freeman and John M. Villa caused injury to plaintiff.

30. Defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El made intentional decisions with respect to unnecessarily exposing plaintiff to cold in a manner causing plaintiff to suffer pain and extreme discomfort, and put plaintiff at substantial risk of suffering serious harm.

31. The conditions to which Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El exposed the plaintiff, put the plaintiff at substantial risk of suffering serious harm.

32. The refusal of defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El to provide sufficient heat in the cell and suitable clothing to the plaintiff was deliberate and reckless.

33. The treatment of plaintiff by defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El caused injury to plaintiff.

34. Defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El did not take objectively reasonable available measures to abate the risk of harm to plaintiff, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendants' conduct obvious.

35. By not taking such measures, defendants Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G.

Pazmino, James P. Pitlik and Victor A. El caused injury to plaintiff.

36. The conduct of defendants Daniel R. Freemen, John M. Villa, Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff requests that the Court enter an order:

A. Finding that the conduct of defendants Daniel R. Freeman, John M. Villa, Patrick L. Ashe, Janet J. Comiskey, J.A. Palmsone, Ronald J. Olszewski, Nicole C. Clark, Michael J. Martin, Ronald Martin, Victor G. Pazmino, James P. Pitlik and Victor A. El violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

B. Awarding plaintiff compensatory and punitive damages, in a sum to be determined by the jury upon trial of this case.

C. Awarding plaintiff his attorneys' fees and costs.

D. Awarding such further relief as may be appropriate.

Respectfully submitted,

Plaintiff Ardamis Darrell Sims
By: /s/ Sara S. Schumann
*Attorney for Plaintiff*

Michael H. Slutsky, ARDC No. 02635569
Sara S. Schumann, ARDC No. 6305044
Allison, Slutsky & Kennedy, P.C.
230 West Monroe Street, Suite 2600
Chicago, Illinois 60606
Ph: (312) 364-9400
Fax: (312) 364-9410
Slutsky@ask-attorneys.com

June 21, 2017

## Certificate of Service

The undersigned attorney hereby certifies that she caused the foregoing Second Amended Complaint to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, on this the 21st day of June 2017, and, in so doing, the Court's CM/ECF service will send an electronic copy to all representatives, who have appearances on file in this case, as well as the undersigned sending via messenger with copies of the Second Amended Complaint and summonses to the address below for service upon the following list of individuals.

        John M. Villa
        Nicole C. Clark
        Michael J. Martin
        Ronald Martin
        Victor G. Pazmino
        James P. Pitlik
        Victor A. El

        c/o Office of Legal Affairs
        Chicago Police Dept. Building
        3510 S. Michigan Ave.
        Chicago, IL 60653

        /s/ Sara S. Schumann